### Frank Ross v. The State.

#### No. 4035.     Decided February 19, 1905.

**Local Option—Charge of Court—Intoxicants.**

Where upon trial of a violation of the local option law, the evidence distinctly raised the issue as to whether the stuff sold was whisky or intoxicating, the court erred in not submitting the requested charge upon this phase of the case.

Appeal from the County Court of Montague. Tried below before the Hon. George S. March.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*James A. Graham,* for appellant.—On question of intoxicants: Byrd v. State, 51 Texas Crim. Rep., 539; 103 S. W. Rep., 863; Decker v. State, 44 S. W. Rep., 845; Malone v. State, 51 S. W. Rep., 381.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged in the county court of Montague County with unlawfully selling intoxicating liquors in violation of the local option law, and on trial was convicted.

Appellant, in a very interesting brief, raises many questions, most of which have been held and decided during the present term of the court adverse to his contention.

There is one assignment of error, however, submitted in his brief which we think must be sustained on the ground there stated and the case reversed. The prosecuting witness stated, in substance, that he had bought from appellant a pint of whisky for which he paid him. The bottle containing what was claimed by the witness Bowman to be whisky was produced on the trial of the case. The defendant introduced a witness, one C. W. Croft, who testified, in substance, that he was a physician; and had been engaged in that vocation for about twenty-five years, and that in the preparation of his calling and in the practice

of it, he had had extended experience in compounding drugs and alcoholic stimulants. He was then handed the bottle which was produced by the county attorney,· and identified by the witness Bowman as being the liquor bought from appellant. This witness was asked by the county attorney to taste the contents of the bottle, and having done so, stated that it did not taste like whisky to him, that it had a bitter taste that did not belong to whisky; that it really had some alcoholic stimulants in it, but that, in his opinion, it would take a large quantity to intoxicate a man, even if it would produce intoxication at all; that he would not say that a man could not become intoxicated. on it, but had some doubt about it. That he had drank a good deal of whisky in his life himself, and was familiar with the taste and effects of whisky; that he thought it would produce intoxication, but it would take a great deal of it. In this condition of the testimony the court charged the jury, in substance, that if the defendant sold to the prosecuting witness W. H. Bowman a half pint of whisky they would find him guilty. Counsel for appellant requested the court to instruct the jury, as follows: "Before you can convict you must be satisfied from the evidence in this case, beyond a reasonable doubt, that the defendant Frank Ross sold to the prosecuting witness, W. H. Bowman, one half pint of whisky in Montague County, Texas, on the 29th day of May, 1907, and that said whisky was intoxicating; that is, that same, when taken into the stomach of an ordinary man in reasonable quantities would intoxicate him, you will acquit the defendant and say by your verdict not guilty." And again, they requested the following charge: "You are instructed that you cannot convict the defendant Frank Ross in this case, unless you are satisfied from the evidence beyond a reasonable doubt that the half pint of liquid exhibited before you was intoxicating, that is, would make an ordinary man drunk when taken into his stomach in reasonable quantities, and unless you so find you will acquit the defendant, and say by your verdict not guilty." While not wholly free from criticism as to language, this charge pertinently submitted the issue made by the evidence. While the testimony was not strong, it cannot be said that there was no testimony putting in issue the intoxicating quality and property of the liquor sold by appellant to the witness Bowman. We have repeatedly held that where whisky is sold that we may know as a matter of law that whisky is an intoxicant, but in this case, under the evidence, the issue was distinctly raised as to whether the stuff sold was whisky. The witness Croft in his testimony throws strong doubt on the intoxicating quality of the liquid sold. In Malone v. State, 51 S. W. Rep., 381, it was held that where the issue of the intoxicating quality of the liquor sold was raised in the evidence, that a requested charge submitting such fact should be given.

For the refusal of the court to give this instruction and submit this issue, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*